

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Joan Mathias*<br>*Assistant United States Attorney*<br>*Joan.Mathias@usdoj.gov* | *Suite 400*<br>*36 S. Charles Street*<br>*Baltimore, MD 21201-3119* | *DIRECT: 410-209-4850*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-9293* |

May 24, 2018

**VIA E-MAIL**
Jeremy Eldridge, Esquire
Law Offices of Eldridge & Nachtman LLC
217 N Charles St
Baltimore, MD 21201
jeremy@enlawyers.com

  Re: United States v. Antoine Benjamin
     Criminal Case No. CCB-18-0235

Dear Mr. Eldridge:

  This letter, together with the Sealed Supplement, confirms the plea agreement, which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by June 5, 2018, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

  1. The Defendant agrees to waive indictment and plead guilty to Count One of the Information that will be filed against him, in which he will be charged with Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

  2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

That on or about October 23, 2016, in the District of Maryland,

  a. The Defendant knowingly possessed a firearm, as that term is defined in 18 U.S.C. § 921(a)(3);

  b. That prior to October 23, 2016, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year and his civil rights had not been restored; and

    c.      That the firearm affected interstate commerce because it was manufactured outside the State of Maryland.

## Penalties

3.     The offense to which the Defendant is pleading guilty carries a maximum penalty of imprisonment of ten years, and a $250,000 fine, followed by a term of supervised release of three years. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.     The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d.      The Defendant would have the right to testify in his own defense if he so chose and he would have the right to refuse to testify. If he chose not to

       testify, the Court would instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.    If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.    By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5.    The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

3

Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

   a. The base offense level is 24 because the Defendant committed this offense subsequent to sustaining at least two felony convictions of either a crime of violence or a CDS offense. (U.S.S.G. 2K2.1(a)(2)).

   b. An enhancement of 4 levels is appropriate because the firearm had an altered or obliterated serial number. (U.S.S.G. 2K2.1(b)(4)(B)).

   c. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. In the event that the base offense level is 16 or greater, this Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about his involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw his plea of guilty.

   d. The parties agree that an upward departure pursuant to U.S.S.G. § 5K2.21 is appropriate in light of uncharged conduct related to the Defendant's state charges.

   e. The government will advise the Maryland Attorney General's Office and the Baltimore City State's Attorney's Office of the disposition of this case. The parties agree that the sentence imposed in this case should give credit to the Defendant for time served in connection with Case Number 117031036 (Maryland Attorney General's Office) and Case Number 116326036 (the Baltimore City State's Attorney's Office), which will have been nolle prossed.

[Handwritten margin note: "INCARCERATED SINCE 10/28/16" with signatures of Attorney and Client dated 6/5/18]

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8. With respect to the calculation of the advisory guidelines range (with the exception of the agreements set forth in paragraphs 6 and 7), no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

4

### Rule 11 (c) (1) (C) Plea

9.      The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 120 months (10 years) imprisonment in the custody of the Federal Bureau of Prisons, is the appropriate disposition of this case.   This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release.  In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void.  Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

### Obligations of the United States Attorney's Office

10.     At the time of sentencing, this Office will recommend a sentence of 120 months imprisonment under the terms set forth in paragraph 9.  This Office will move to dismiss the original indictment and Count Two of the Information.

11.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the indictment that this Office has agreed to dismiss at sentencing.

### Waiver of Appeal

12.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever.  This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) if the Defendant chooses not to withdraw from the plea, the Defendant reserves the right to appeal any term of imprisonment to the extent that it is above 120 months imprisonment (ii) and if the government chooses not to withdraw from the plea, this Office reserves the right to appeal any term of imprisonment to the extent that it is below 120 months imprisonment.

    c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

13.     The parties agree as follows:

    a.     The Defendant agrees to forfeit to the United States all of his right, title, and interest in any and all money, property, or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the Defendant's illegal activities, including but not limited to the following:

        i. The Cobra semi-automatic .380 caliber handgun, with a magazine containing seven live rounds of ammunition and one round in the chamber

## Obstruction or Other Violations of Law

14.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

15.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may

be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

16.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Robert K. Hur
United States Attorney

*[signature]*
Michael C. Hanlon/Joan C. Mathias
Assistant United States Attorneys

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

6/5/18
Date

*[signature]*
Antoine Benjamin

I am Mr. Benjamin's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

6/5/18
Date

*[signature]*
Jeremy Eldridge, Esquire

7

Attachment A

*If this matter had proceeded to trial, the government would have proven the following beyond a reasonable doubt. The Defendant agrees that the following facts do not encompass all of the facts that would have been proven had this matter proceeded to trial.*

1. On October 23, 2016, a Baltimore Police Department officer observed the defendant, Antoine Benjamin, on the street on the 2700 block of Edmondson Avenue in west Baltimore, Maryland. The officer observed Mr. Benjamin engage in behavior that caused the officer to believe that Mr. Benjamin might be engaged in criminal activity or attempting to avoid police interaction. The officer approached Mr. Benjamin in order to talk with him. Mr. Benjamin fled on foot. The officer, assisted by other members of the Baltimore Police, pursued Mr. Benjamin. The pursuit continued through several streets and blocks. During the pursuit, the officers observed Mr. Benjamin reaching into his dip area as if to retrieve an unknown item. At one point, Mr. Benjamin ran through a back alley and turned back toward Edmondson Avenue.

2. Police eventually apprehended Mr. Benjamin on Edmondson Avenue. Mr. Benjamin was detained on the ground. One of the officers conducted a pat down of Mr. Benjamin and felt what the officer believed to be a handgun. The officer removed the handgun. The handgun was recovered from Mr. Benjamin's person and identified as a Cobra semi-automatic .380 caliber handgun, with 7 live rounds in the magazine and 1 round in the chamber.

3. The firearm was examined and found to be not operable because of its condition. Law enforcement has consulted with the Baltimore City Police firearms lab and has been advised that although the firearm was recovered inoperable, the firearm examiner was able to repair the firing pin assembly making the firearm operable. The rounds appear to be ammunition designed for the use in a firearm.

4. The serial number on the handgun was altered or obliterated.

5. The handgun and ammunition were manufactured outside the state Maryland and therefore traveled in interstate commerce prior to their recovery in this state.

6. Prior to October 23, 2016, Mr. Benjamin had been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, and his civil rights had not been restored.

7. These events occurred in the District of Maryland.

8. DURING THE YEARS OF 2015 AND 2016, DEFENDANT ENGAGED WITH OTHER INDIVIDUALS KNOWN TO THE GOVERNMENT, WHO CONSPIRED TO DISTRIBUTE CONTROLLED DANGEROUS SUBSTANCES THROUGHOUT THE STATE OF MARYLAND.

[Initials: Attorney / Client]

8

I have read this Statement of Facts and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. I do not wish to change any part of it.

6/5/18
Date

*Antoine Benjamin*
Antoine Benjamin

I am Antoine Benjamin's attorney. I have carefully reviewed every part of this Statement of Facts with him. To my knowledge, his decision to sign it is a voluntary one.

6/5/18
Date

Jeremy Eldridge, Esquire